**Andree SUSANTO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 08–71586.**

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2011.*

Filed July 19, 2011.

Patrick Ontiveros Cantor, Esquire, Buttar & Cantor, LLP, Tukwila, WA, for Petitioner.

OIL, Norah Ascoli Schwarz, Senior Litigation Counsel, U.S. Department of Justice, Jane Tracey Schaffner, Office of Immigration Litigation, Washington, DC, District Director, Esquire, Seattle, WA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

MEMORANDUM **

Andree Susanto, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir.2009), and deny the petition for review.

The record does not compel the conclusion that the attack and robbery Susanto endured, the incident when individuals banged on the gate to his family's property and threw rocks at his home, and the incident when some individuals beat someone at his church, even when considered cumulatively, rise to the level of persecution. *See id.* at 1059–60; *Khup v. Ashcroft*, 376 F.3d 898, 903–04 (9th Cir.2004) (finding that where "reasonable minds could differ" on whether a petitioner has endured persecution, "the record does not compel a finding that it does"). In addition, even as a member of a disfavored group, the record does not compel the conclusion that Susanto demonstrated a sufficiently individualized threat of persecution to establish a well-founded fear of persecution. *Cf. Sael v. Ashcroft*, 386 F.3d 922, 927–29 (9th Cir.2004). Further, the record also does not compel the conclusion that there is a pattern or practice of persecution against ethnic Chinese Christians in Indonesia. *See Wakkary*, 558 F.3d at

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1060–62. Accordingly, Susanto's asylum claim fails.

Because Susanto failed to establish his eligibility for asylum, he necessarily failed to meet the higher standard of eligibility for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the agency's finding that Susanto did not establish a clear probability of torture upon return to Indonesia. *See Wakkary*, 558 F.3d at 1067–68. Accordingly, his CAT claim fails.

**PETITION FOR REVIEW DENIED.**